**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RSDC HOLDINGS, LLC**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 16-3573**

**M.G. MAYER YACHT SERVICES, INC.**
                                                          **SECTION "B"(5)**

**ORDER AND REASONS**

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is RSDC Holdings, LLC ("RSDC") "Motion for Judgment on the Pleadings" (Rec. Doc. 20) and M.G. Mayer Yacht Services, Inc.'s ("M.G. Mayer") "Memorandum in Opposition to Motion for Judgment on the Pleadings" (Rec. Doc. 21).

For the foregoing reasons, **IT IS ORDERED** that RSDC's "Motion for Judgment on the Pleadings" is **DENIED**.

**II.  FACTS AND PROCEDURAL HISTORY**

RSDC member Donald Calloway obtained a vessel, the Tuna Taxi, as part of an extra-judicial foreclosure in Laguna Beach, California. (Rec. Doc. 1). In order to transport the vessel from the West Coast to Louisiana, the Tuna Taxi's bridge, or the platform containing navigation equipment, was removed. (Rec. Doc. 1). After the vessel's arrival in Louisiana, Mr. Calloway and his business associate, Richard Sanderson, brought the Tuna Taxi to M.G, Mayer to have the bridge reassembled. (Rec. Doc. 1-1). The bridge reassembly was billed to Mr. Sanderson on June 16, 2013. (Rec. Doc. 1-2). The vessel was later released to Mr. Calloway.

(Rec. Doc. 1). Invoices show other repairs were billed to Mr. Sanderson between December 2, 2012 and March 10, 2013. (Rec. Doc. 16).

M.G. Mayer filed two liens with the U.S. Coast Guard National Vessel Documentation Center alleging outstanding payment for repairs on the Tuna Taxi. (Rec. Doc. 1). RSDC filed the Complaint seeking judgment that the Tuna Taxi is not subject to two liens filed by M.G. Mayer. (Rec. Doc. 1). M.G. Mayer then filed its Amended Answer and Counterclaim alleging that it had entered into a contract with RSDC for repairs on the Tuna Taxi and it rightfully asserted liens from that work. (Rec. Doc. 16).

**III. FACTUAL AND LEGAL FINDINGS**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial. The standard for deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The instant matter is not appropriate for judgment on the pleadings. First of all, M.G. Mayer timely filed an Amended Answer and Counterclaim which creates a factual dispute with RSDC's complaint, such as Mr. Sanderson's authority to procure repairs (Rec. Doc. 16). In addition, judgment on the pleadings is inappropriate because "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In its answer M.G. Mayer asserts several affirmative defenses that would defeat recovery if

3

proven (Rec. Doc. 16). For example, M.G. Mayer asserts the affirmative defense of breach of contract (Rec. Doc. 16). It contends that RSDC entered into an agreement to preform repair services to the Tuna Taxi and that after M.G. Mayer preformed such services RSDC failed to pay them (Rec. Doc. 16). This affirmative defense is sufficient for the Defendant to survive a Rule 12 (c) motion. Furthermore, Rule 12(c) is "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Given the factual disputes in the pleadings of this case, judgment on the pleadings is inappropriate.

New Orleans, Louisiana, this 24th day of May, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE