UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RSDC HOLDINGS, LLC** | * | **CIVIL ACTION NO.: 16-3573** |
| | * | |
| **VERSUS** | * | **SECTION: B(5)** |
| | * | |
| **M.G. MAYER YACHT SERVICES, INC.** | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| | * | **MAGISTRATE MICHAEL NORTH** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT FOR FAILURE TO APPEAR AT DEPOSITION**</u>

MAY IT PLEASE THE COURT:

Defendant, M.G. Mayer Yacht Services, Inc., through undersigned counsel, respectfully submits this Memorandum in Support of its Motion for Contempt for Failure to Appear at Deposition.

### I. BACKGROUND

On May 25, 2017, Ashton J. Ryan, a non-party, was served with a subpoena requiring him to appear and give his deposition on June 13, 2017 at 10:00 a.m. in accordance with Federal Rule of Civil Procedure 45. *See* Subpoena and Notice of Deposition, attached hereto as Exhibit "A." Mr. Ryan, without notice to counsel,[1] failed to appear at his deposition and failed to comply with the subpoena. *See* Proces Verbal, attached hereto as Exhibit "B."

### II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena

---

[1] Undersigned counsel received a voicemail message from Gregory St. Angelo, claiming to represent Ashton J. Ryan and requesting a call back. Undersigned counsel complied and called back Mr. St. Angelo, however, Mr. St. Angelo did not respond and did not return undersigned counsel's phone call prior to the deposition date.

or an order related to it." When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object[2] to the subpoena or attend the deposition. *Francois v. Blandford*, No. CIV.A. 10-1330, 2012 WL 777273, at *3 (E.D. La. Mar. 7, 2012) (citing *Tranchant v. Environmental Monitoring Serv., Inc.,* No. 00–2196, 2001 WL 1160864, at *2 (E.D.La. Oct. 2, 2001)). "If the non-party does neither, the non-party may be held in contempt." *Id.* Attorney's fees and costs may be assessed against a non-party for failure to appear at a deposition. *Id.*; *see also Rose v. Enriquez*, No. SA–13–MC–556–X, 2013 WL 5934365 (W.D.Tex. Oct. 31, 2013).

    Mr. Ryan was served with the subpoena on May 25, 2017 at his home in Kenner, Louisiana to appear at a June 13, 2017 subpoena. Mr. Ryan failed to: (1) file any objections to the subpoena; (2) file a timely motion to quash the subpoena, and (3) attend the properly noticed deposition. Counsel for defendant and plaintiff attended the deposition and the plaintiff even traveled from Baton Rouge to attend the deposition. When it appeared that Mr. Ryan might not show, undersigned counsel contacted Mr. Ryan's alleged counsel to determine Mr. Ryan's intentions, and was informed that Mr. Ryan would not be appearing. Accordingly, Mr. Ryan was clearly aware of the deposition and the fact that he had been issued a subpoena to appear, but willfully, and in flagrant disregard of this Court's jurisdiction, ignored it.

    As a result of Mr. Ryan's failure to appear at his deposition, Defendant is seeking an order holding him in contempt of court. Defendant is also entitled to attorney's fees and costs

---

[2] Fed. R. Civ. P. 45(d)(3)(A) permits a subpoenaed witness to file a ***timely*** motion to quash or modify a subpoena that: " (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or(iv) subjects a person to undue burden."Fed. R. Civ. P. 45(d)(3)(A) (emphasis supplied). Here, Mr. Ryan failed to file a motion to quash prior to the date of compliance. As a result, any subsequent motion to quash would be considered untimely.

expended by Defendant in association with Mr. Ryan's failure to attend the deposition and for filing the instant motion.

### III. CONCLUSION

For the foregoing reasons, Defendant, M.G. Mayer Yacht Services, Inc., respectfully requests that this Honorable Court grant its Motion for Contempt for Failure to Appear at Deposition, order Ashton J. Ryan, Jr. to appear at a deposition, as well as grant Defendant attorney's fees and costs associated with Ashton J. Ryan's failure to attend the June 13, 2017 deposition and for filing the instant Motion.

Respectfully Submitted,
**KOCH & SCHMIDT, LLC**

*/s/ Caitlin Morgenstern*
**R. Joshua Koch, Jr., Esq.** (La. Bar No. 07767)
**Caitlin Morgenstern, Esq.** (La. Bar No. 3419)
Koch & Schmidt, L.L.C.
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone:  (504) 208-9040
Facsimile:    (504) 208-9041
*Attorneys for M.G. Mayer Yacht Services, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECP Participants on this 30th day of June, 2017. I further certify that I mailed the foregoing pleadings and notice of electronic filing by U.S. Mail, First Class, Postage prepared and properly addressed to the following Non-CM/ECF Participants:

Ashton J. Ryan
151 Chateau Michel Drive
Kenner, Louisiana 70065

Gregory St. Angelo
FNBC Bank Building
 210 Baronne Street, Suite 306
New Orleans LA, 70130

*/s/ Caitlin Morgenstern*